**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID LEWIS                                                                                      PLAINTIFF
ADC #105476

v.                                              NO. 5:10CV00177 JLH/HDY

LARRY NORRIS,  *et al.*                                                                DEFENDANTS

**<u>ORDER</u>**

Plaintiff, currently held at the Arkansas Department of Correction's Cummins Unit, filed a

*pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with an application for leave

to proceed *in forma pauperis* (docket entry #1), on June 17, 2010.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-

strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's application for leave to

proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma*

*pauperis* action at any time,  *sua sponte* or upon a motion of a party, if it determines that the prisoner

has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The Eighth Circuit has explicitly

upheld the constitutionality of the three-strikes provision.  *Higgins v. Carpenter*, 258 F.3d 797 (8th

Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that

Plaintiff has had at least three prior civil actions dismissed for failure to state a claim upon which

relief may be granted.[1]  Plaintiff's three strikes have been recognized previously.  *Lewis v. Golden*, ED/AR No. 5:09CV315.

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury.  Specifically, Plaintiff raises constitutional challenges in connection with a disciplinary event in March of 2009.  Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.  Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

2.      The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 30th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1]*See Harris et al. v. Norris et al.*, ED/AR No. 5:00CV158; *Lewis v. Norris et al.*, ED/AR No. 5:00CV201; *Ashley et al. v. Norris et al*, ED/AR 5:00CV229.